## THE CONNECTICUT RIVER RAILROAD COMPANY vs. EBENEZER CLAPP.

Where a jury, summoned to reassess damages for land taken for a railroad, rendered a verdict, in which they assessed the damages at a certain sum, "with interest thereon from the time when the said railroad company took possession of the land," it was held, that the verdict was void for uncertainty, and that the cour of common pleas had no authority to alter the same, or to supply any defect therein.

On the hearing before a jury summoned to reassess damages for taking land for a railroad, the party claiming damages has the right to open and close.

Where the court of common pleas set aside a verdict of a jury, summoned to reassess damages for land taken for a railroad, they have no authority to award costs to the party objecting to the verdict.

THE county commissioners of Hampshire having estimated the damages of Ebenezer Clapp, of Hatfield, caused by the taking of his land for the location and construction of the road of the Connecticut River Railroad Company, the company, on the 2d of March, 1847, feeling aggrieved at the proceedings of the commissioners therein, requested them to cause a jury to be summoned for the purpose of reassessing the damages. A warrant was accordingly issued, in pursuance of which a jury was summoned and empanelled, who, on the 23d of June, 1847, after hearing the case and viewing· the premises, rendered a verdict assessing the damages at " five hundred and seventy-five dollars, with interest thereon from the time when the said railroad company took possession of the land."

The verdict being returned into the court of common pleas, at the October term, 1847, the petitioners moved that it be accepted for the sum of five hundred and seventy-five dollars.

The respondent moved that it be set aside : 1st, because it is in its terms uncertain and therefore insufficient ; 2d, because the officer presiding at the hearing before the jury ruled, that the petitioners had the right to open and close, and the hearing proceeded accordingly.

The court of common pleas ordered the verdict to be set aside, for the reasons stated, and rendered judgment for costs

in favor of the respondent against the petitioners; who, thereupon, appealed to this court.

*C. P. Huntington,* for the petitioners. The statute of 1847, *c.* 259, which went into operation on the 24th of May, 1847, gives a right to lawful interest on the damages, as well as to costs.

1. The verdict is for five hundred and seventy-five dollars with interest thereon from the time when the petitioners took possession of the land. This is sufficiently certain in terms. *Merrill* v. *Berkshire,* 11 Pick. 269; *Hodges* v. *Hodges,* 5 Met. 205. The time of taking possession, from which the interest is to be computed, is the time of filing the location. *Charlestown B. R. Co.* v. *County Comm'rs,* 7 Met. 78. And the interest may be computed accordingly. The location is to be filed with the commissioners, and the verdict is to be certified to them. They can compute the interest and render it certain. But if the verdict be defective in this respect, it may be remedied by rejecting a part of it. *Lincoln* v. *Hapgood,* 11 Mass. 358. Or the interest may be considered as a part of the damages. If the verdict be set aside for this cause, the case ought to be opened only as to the question of interest. A verdict may be void in part, and good in part. *Winn* v. *Columbian Ins. Co.,* 12 Pick. 279; *Boyd* v. *Brown,* 17 Pick. 453; *Robbins* v. *Townsend,* 20 Pick. 345; *Sprague* v. *Bailey,* 19 Pick. 436, 442.

2. The petitioners, being the aggrieved party, were entitled to open and close. They have many affirmative facts to show, in the first instance; and the practice is, that they go forward. There is no reason why the same rule should not apply in this as in other cases. *Ayer* v. *Austin,* 6 Pick. 225.

*C. Delano,* for the respondent. The statute of 1847 was enacted subsequently to the commencement of this proceeding and cannot affect it.

1. The verdict is so uncertain, that it cannot be enforced without some further inquiry. It stands, in this respect, upon the footing of an award; and an award is void, if it require any further hearing. Billing on Awards, 130; *Hewitt* v

*Hewitt,* 1 Ad. & Ell. N. S. 110 ; Com. Dig. Arbit. E, 11 ; *Lincoln* v. *Whittenton Mills,* 12 Met. 31. The question, then, is whether this verdict involves any new inquiry. The interest is a part of the damages, and as it is to be assessed from a particular time, that time is a fact to be established like any other. The taking possession of the land is the time from which interest is to run. Does this mean the filing of the location, or the taking of actual possession ? This question must be decided upon by some competent tribunal ; and thus some further inquiry is necessary to render the verdict certain.

2. It is important, in cases of this kind, that the strict rules of practice should be observed. Who is the actor ? Who sets up the claim ? Is it the petitioners or the respondent ? Have the petitioners any thing to answer, until something is made out on the other side ? Damages are not to be presumed in the outset. The rule is universal, that in inquiries as to damages, the actor goes forward. 1 Arch. N. P. Int. 4, 5 ; 1 Greenl. Ev. §§ 75, 76, 77 ; *Mercer* v. *Whall,* 5 Ad. & Ell. N. S. 447, where the rule is laid down by lord Denman. The form of the issue is not to be looked at so much as the substance. The case is precisely analogous to an appeal. If there has been any mistake in this point, the respondent is entitled to a new trial. *Davis* v. *Mason,* 4 Pick. 156 ; *Ayer* v. *Austin,* 6 Pick. 225 ; *Robinson* v. *Hitchcock,* 8 Met. 64.

*Huntington,* in reply. It is said, that the statute of 1847 is not applicable to the case, because it was not passed, until after these proceedings were commenced. The answer is, that the statute is remedial. But, in fact, the present petition was commenced after the passing of the act.

As to the other point ; — the respondent had had his damages awarded and was satisfied. The petitioners undertook to show, that the amount was excessive. To do this they must go forward. If they had any thing to do, in the first instance, they were entitled to open and close.

WILDE, J. This case comes before us on an appeal from the judgment of the court of common pleas. On the appli-

cation of the petitioners to the county commissioners, for a jury to reassess the damages on the location and construction of a railroad over and across the respondent's lands, a warrant was issued to summon a jury for that purpose, who were duly summoned, as the law directs, and who, after hearing the parties, returned their verdict to the court of common pleas, who, after hearing the parties, ordered and decreed, in the premises, that the verdict of the jury should be set aside, and that the respondent recover his costs of suit.

The court of common pleas, as we understand, set aside the verdict for two reasons : 1st, because the verdict was uncertain, the same being for a certain sum, with interest from the time when the petitioners took possession of the respondent's land ; 2d, because the officer who presided at the hearing before the jury erroneously ruled, that the petitioners had the right to open and close, and that the hearing proceeded accordingly.

The counsel for the petitioners contends, that the verdict is sufficiently certain, as the court of common pleas were authorized to compute the interest and add it to the sum assessed.    But we think the court were not so authorized by the Rev. Sts. *c.* 24.    By the thirty-fourth section, the court are authorized to receive the verdict, and adjudicate thereon, or to set it aside for good cause ; and by the thirty-seventh section, if the verdict be accepted and recorded by the court, it is to be conclusive on the parties to the proceedings ; but the court are not authorized to alter the verdict, or to supply any defect therein, by any provision in the revised statutes.    It is however argued, that this authority is given by the statute of 1847, *c.* 259, § 3, which provides that the county commissioners may issue warrants of distress, to compel the payment of the damages assessed by the commissioners, or by the verdict of a jury, together with costs and lawful interest.    But the power thus given by the statute is not sufficient to cure the defect in the verdict.    If the court of common pleas had rejected that part of the verdict relating to interest, and had so certified the verdict to the county commissioners, the

commissioners would not be authorized to compute any interest before the return of the verdict, or before the time when the verdict was given ; whereas the jury intended that the interest should be computed from the time when the petitioners took possession of the respondent's land. We are of opinion, that the statute of 1847 cannot be so construed as to authorize the commissioners to compute interest, before the assessment of the damages, upon which the computation is to be made. Another decisive objection to such a computation of interest is, that the commissioners have no authority to ascertain the time when the petitioners took possession of the respondent's land. That was a fact for the jury to find.

As to the other ground of objection to the verdict, it seems to us quite clear, that the ruling of the presiding officer at the trial was erroneous. In cases where a reassessment of damages is to be made by a jury, after an assessment has been made by the commissioners, it is immaterial which party makes the application for such reassessment. The party claiming damages, the same being unliquidated, and to be settled by the jury, has the right of opening and closing the cause. 1 Greenl. Ev. §§ 76, 77 ; *Mercer* v. *Whall*, 5 Ad. & Ell. 447. In this case, the rule is, as we think, correctly laid down by lord Denman, and is decisive as to the present case. " Wherever," he says, " from the state of the record at Nisi Prius, there is any thing to be proved by the plaintiff, whether as to the facts necessary for his obtaining a verdict, or as to the amount of damages, the plaintiff is entitled to begin." But where the *onus probandi* lies in the first instance on the defendant, he is entitled to begin. *Wootton* v. *Barton*, 1 Mood. & Rob. 518. So, in *Davis* v. *Mason*, 4 Pick. 156, it was decided, that where in trespass the defendant pleads soil and freehold in himself, without any other plea, and the issue is joined thereon, the right of opening and closing the argument before the jury belongs to the defendant. But it would have been otherwise, if the defendant had likewise pleaded the general issue. These latter cases obviously have no bearing on the present question. The only question for the

jury in this case was a question of damages, which they were bound to assess without any regard to the previous assessment by the commissioners. There seems, therefore, no reason for allowing the petitioners to open and close. The result is, that the order of the court of common pleas setting aside the verdict is affirmed, and the judgment for the respondent for costs is disaffirmed. The allowance of costs was premature ; the court should have ordered a certificate of their adjudication to be transmitted to the county commissioners, in order that the petitioners might make application, if they should think fit, for a warrant to summon a new jury, as the law directs. Rev. Sts. c. 24, § 36.

Such a certificate of the adjudication of this court is to be transmitted to the county commissioners with the papers for further proceedings.